IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

ROSE ANN SHEARIN,

Debtor.

Adversary Proceeding #
05-00276-8-JRL

Case No. 03-06726-8-JRL
Chapter 13

## ORDER

This case is before the court on whether 11 U.S.C. § 1330(a) bars the relief sought by Flower, Medalie & Markowitz, Esqs. (Creditor) by way of motion in this case and by way of complaint in Adversary Proceeding No. 05-00276-8-AP.

On August 1, 2003, the debtor filed her Chapter 13 petition. In her statement of financial affairs, the debtor disclosed her suit against Flower, Plotlea & Medalie pending in Suffolk County, New York; however, she listed no claim of Creditor in her schedules. Creditor neither received notice of the bankruptcy case nor deadlines in the case. On October 13, 2003, the court confirmed the Chapter 13 plan. On July 21, 2005, the debtor amended Schedule F to list Flower & Medalie as a creditor holding an unsecured nonpriority claim of $71,869.68, and she served a copy of the amended Schedule F on Flower & Medalie. Accordingly, Creditor learned of the bankruptcy case approximately 21 months after the court confirmed the Chapter 13 case.

On August 19, 2005, Creditor filed a motion seeking alternative forms of relief, including an order: (1) vacating the Chapter 13 plan and directing the sale of real property in Nash County to satisfy the claims; (2) enjoining the debtor from conveying or encumbering the real property in Nash County and directing

1

her to pay over to the trustee any proceeds received in connection with that property; (3) imposing sanctions for fraudulent filing; (4) referring the matter of debtor's fraud to the United States Attorney for prosecution; (5) enjoining the debtor from pursuing the action she had commenced in New York; and (6) submitting a proof of claim. On August 23, 2003, the court entered an order finding that the motion to impose sanctions for fraudulent filing, to refer the matter to the United States Attorney, and to file a proof of claim would remain before the court. The court dismissed the remainder of the motion without prejudice finding that the relief sought should be brought by adversary proceeding. Thereafter, on October 24, 2005, Creditor filed an adversary proceeding against the debtor. Both Creditor's motion in the bankruptcy case and complaint in the adversary proceeding allege fraudulent conduct on the part of the debtor.

The Supreme Court has made clear that, for purposes of satisfying due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). There was inadequacy of notice in the case at bar, as Creditor did not receive formal notice of this bankruptcy case until 21 months after confirmation.[1] Generally, a bankruptcy confirmation order is treated as having *res judicata* effect. First Union Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enter.Inc.), 81 F.3d

---

[1] In a motion for summary judgment pending in the adversary proceeding, the *pro se* debtor asserts that Creditor had notice of the bankruptcy proceeding because it was pulling her credit reports for years. However, even if Creditor had a generalized knowledge of the pendency of the bankruptcy case, that is insufficient to meet Fifth Amendment requirements. *See* Vicenty v. Sandoval (In re Sandoval), 327 B.R. 493, 508 (B.A.P. 1st Cir. 2005)(stating that a creditor who is generally aware of the pendency of a case does not have "the burden of constantly inquiring of the court about possible bar dates"); In the Matter of Intaco Puerto Rico, Inc., 494 F.2d 94, 99 (1st Cir. 1974).

2

1310, 1315 (4th Cir. 1996); Piedmont Trust Bank v. Linkous (In re Linkous), 990 F.2d 160, 162 (4th Cir. 1993). However, a court "cannot defer to such an order on *res judicata* grounds if it would result in a denial of due process in violation of the Fifth Amendment of the United States Constitution." Linkous, 990 F.2d at 162. Clearly, the period of time to revoke the confirmation order on the basis of fraud expired well before Creditor even had knowledge of the bankruptcy case. 11 U.S.C. § 1330(a)(explicitly stating that a request for revocation must be made "within 180 days after the date of the entry of an order of confirmation . . .").

In the complaint filed in the adversary proceeding, Creditor asserts that, despite the time limitations of § 1330(a), the court may consider an order revoking a confirmation order under Rule 60(b)(4) or (b)(6) of the Federal Rules of Civil Procedure. However, Bankruptcy Rule 9024, which makes Federal 60 applicable to bankruptcy proceedings, clearly states that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by . . . § 1330(a)." *See* Branchburg Plaza Associates v. Fesq (In re Fesq), 153 F.3d 113, 116 (3d. Cir. 1998)(Bankruptcy Rule 9024 does not trump the time limitations of § 1330(a) and cannot provide a "substantive remedy that would be foreclosed by Section 1330(a)"). Moreover, creditors cannot seek relief under § 105 to dodge the plain language of § 1330(a). Duplessis v. Valenti (In re Valenti), 310 B.R. 138, 145 (B.A.P. 9th Cir. 2004); *see* Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988)("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.").

Even though Bankruptcy Rule 1009 allows a debtor to amend her petition, list, schedules or statement "as a matter of course at any time before the case is closed," to prevent nondischargeability of such debt, the amendment must be made in time for the debt to be "provided for by the plan." 11 U.S.C.

3

§ 1328. Where a creditor is not properly notified of a pending bankruptcy proceeding, the debt is not provided for by the plan, and the debt is not subject to discharge under § 1328. *See* US v. Trembath (In re Trembath), 205 B.R 909, 913 (Bankr. N.D. Ill. 1997); Southtrust Bankcard Center v. Curenton (In re Curenton), 205 B.R. 967, 971 (Bankr. M.D. Ala. 1995).

Based on the foregoing, the court finds that the confirmation order does not have *res judicata* effect against Creditor, as Creditor did not receive adequate notice of this bankruptcy case before the applicable bar dates had passed for filing a proof of claim or challenging the confirmation order. *See* Linkous, 990 F.2d at 162. Creditor's debt is not subject to discharge under 11 U.S.C. § 1328, as the debt was not provided for by the Chapter 13 plan. Creditor's motions in this bankruptcy case are denied in all respects and the pending adversary proceeding is dismissed. However, the court lifts the automatic stay pursuant to pursuant to 11 U.S.C. § 362, and Creditor is free to continue its New York litigation with the debtor independent of the Chapter 13 case and with no requirement that her Chapter 13 trustee be made a party. The Clerk is directed to file this order in this case and the adversary proceeding.

**So Ordered.**

Dated: February 8, 2006

J. Rich Leonard
United States Bankruptcy Judge

4